## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

FELIX R. JUARBE BENIQUEZ,
 Plaintiff,

Civil No. 05-1269 (HL)

v.

PFIZER CORPORATION, ET AL.,
 Defendants.

### OPINION AND ORDER

Before the Court are Plaintiff Felix R. Juarbe Beniquez's motion to remand this case back to the Commonwealth of Puerto Rico Court of First Instance Superior Court Aguadilla Superior Part[1] and Defendant Pfizer, Inc.'s (hereinafter "Pfizer") unopposed motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 12(b)(6). Defendant Pfizer filed an opposition to Plaintiff Juarbe's motion to remand.[2] To date, Plaintiff  has not filed a response to Pfizer's motion to dismiss or requested an extension of time to do so.

For the reasons set forth below, the Court denies Plaintiff's motion to remand and grants in part and denies in part Defendant Pfizer's motion to dismiss.

### FACTUAL BACKGROUND

Plaintiff originally filed his complaint with the Commonwealth of Puerto Rico Court of First Instance Superior Court, Aguadilla Part. In the complaint Plaintiff sets forth the following. Plaintiff was employed as a salesman of Chiclets confectionaries for

---

[1] Dkt. No. 8.

[2] Dkt. No.  13.

Warner-Lambert Company. In June of 2000, Warner-Lambert Company and Defendant Pfizer merged and consolidated. After the merger, Plaintiff's employment was immediately transferred to Pfizer. Plaintiff contends that at some undisclosed point in September of 2001 he was "exposed to onerous conditions and abusive attacks to his honor and reputation at work, imposed by defendant's management functionaries and [Pfizer's human resources manager] Ms. Ruth Rodríguez, as a result of charging him with being responsible for a supposed and apparent irregular act allegedly committed by him." (Translation of Complaint, Dkt. No. 5.). On September 17, 2001, Juarbe's employment was terminated.

According to the complaint, prior to the merger between Pfizer and Warner-Lambert Company, Warner-Lambert Company created a compensation package called the "Enhanced Severance Plan" which provides benefits in substitution of severance pay upon an employee's qualifying constructive or involuntary termination from employment without just cause. The Enhanced Severance Plan contains an administrative remedies and arbitration scheme that must be followed to receive compensation for qualifying termination from employment. Plaintiff alleges that the Enhanced Severance Plan was administered by Pfizer after the Warner-Lambert and Pfizer merger. Plaintiff alleges that the Enhanced Severance Plan agreement constitutes a contract between himself and Pfizer.[3]  Plaintiff claims that he was not informed of his right to claim severance pay under the Enhanced Severance Plan through a process of exhausting administrative and arbitration procedures.

The complaint states that the action is brought pursuant to the Commonwealth of Puerto Rico Law No. 2 of October 17, 1961, 32 L.P.R.A. §§ 3118, *et seq.*,[4] seeking remedies under Articles 1054, 1056, 1057, 1059, 1060, and 1803 of the Puerto Rico Civil

---

[3] *See* Dkt. No. 5, at p.4 ¶8.

[4]  Law No. 2 provides for the expedited handling and adjudication of employment benefits by an employee who alleges termination without just cause. 32 L.P.R.A. §§ 3118, *et seq.*

Code, codified as 31 L.P.R.A. §§ 3018, 3020, 3021, 3023, 3024, and § 5142,[5] for "damages arising from a breach of the clauses of a contractual arbitration agreement derived from an agreement for monetary compensation for fringe benefits in the event of the termination from employment" and the negligent actions of Pfizer's Human Resources Manager Ruth Rodríguez.  Plaintiff specifically seeks the following remedies: (1) compliance with the clauses and conditions of the Enhanced Severance Plan; (2) benefits and compensations not received under the Enhanced Severance Plan from the time of his termination until the filing of the complaint; and (3) damages estimated at no less than $75,000.

On March 10, 2005, Pfizer removed the case to this Court on federal question grounds pursuant to 21 U.S.C. § 1441 and the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(a). Plaintiff moves the Court for remand for lack of subject matter jurisdiction on the grounds that his commonwealth-law claims are not preempted by ERISA.  In opposition, Pfizer argues that the case was properly removed to this Court because Plaintiff's claims are completely preempted by ERISA. In addition to its opposition to the motion to remand, Pfizer filed a motion to dismiss the complaint for failure to state a claim. *See* Fed.R.Civ.P. 12(b)(6). Pfizer seeks dismissal on the grounds that Pfizer's claims for benefits under the Enhanced Severance Plan are preempted by ERISA and Plaintiff's unjust termination claims brought under Puerto Rico Law 80 of May 30, 1976, 29 L.P.R.A. § 185a are time barred. Plaintiff did not file any response to Pfizer's motion to dismiss. *See* D.P.R. Civ.Local.R. 7.1(b) ("Unless within ten (10) days after the service of a motion the opposing party files written objection. . . the opposing party shall be deemed to have waived objection.").

---

[5] Article 1054 provides "Those who in fulfilling their obligations are guilty of fraud, negligence, or delay, and those who in any manner whatsoever act in contravention of the stipulations of the same, shall be subject to indemnify for those losses and damages caused thereby." 31 L.P.R.A. § 3018. Articles 1056 and 1057 concern liability for and the definition of negligence. 31 L.P.R.A. §§ 3020 & 3021. Articles 1059 and 1060 concern indemnity and liability for losses and damages. 31 L.P.R.A. §§ 3023 & 3024. Article 1803 provides for vicarious liability for damages caused by fault or negligence. 31 L.P.R.A. § 5141.

4

## I.

### Motion to Remand

Under the removal statute, "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b); *see also* 28 U.S.C. § 1331. Whether removal was proper in this case depends upon whether the Court has federal jurisdiction under 28 U.S.C. § 1331 which gives federal courts jurisdiction over cases that "arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.[6] As federal courts are courts of limited jurisdiction, removal statutes are strictly construed against removal. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941). If the parties "clash about jurisdiction, uncertainties are construed in favor of remand." *Ponce Super Center, Inc. v. Glenwood Holdings, Inc.*, 359 F.Supp.2d 27, 29 (D.P.R.2005) (quoting *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1097 (11th Cir.1994)).

Ordinarily, the determination of whether a particular case arises under federal law turns on the "well-pleaded complaint" rule. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983). Under the well-pleaded complaint rule, jurisdiction is ascertained from the face of the state court complaint that triggered the removal. *Danca v. Private Health Care Systems, Inc.*, 185 F.3d 1, 4 (1st Cir. 1999) (citing *Franchise Tax Bd.,* 463 U.S. at 9-10.). However, there is an exception to the well-pleaded complaint rule. "Where a claim, though couched in the language of state law, implicates an area of federal law for which Congress intended a particularly powerful preemptive sweep, the cause is deemed federal no matter how pleaded." *Id.* (citing *Taylor*, 481 U.S. at 63-64).  In other words, "'when a federal statute wholly displaces the state-law cause of action through complete pre-emption,' the state claim can be removed." *Aetna Health Inc. v. Davila*, 124 S.Ct. 2488, 2495 (2004).  ERISA

---

[6] Defendant Pfizer does not allege that subject matter jurisdiction arises pursuant to diversity jurisdiction, 28 U.S.C. § 1332.

is precisely one of these federal statutes. *Id.; see also Hotz v. Blue Cross & Blue Shield of Mass., Inc.*, 292 F.3d 57, 59 (1st Cir. 2002) (ERISA's civil enforcement provisions, ERISA § 502(a), have been interpreted to establish federal removal jurisdiction over any state law claims that in substance seek relief that is otherwise within the scope of those ERISA remedy provisions.)

Aside from "complete" preemption, there is another type of preemption known as "conflict" or "ordinary" preemption.  Conflict preemption arises when a federal law conflicts with state law, thus providing a federal defense to a state law claim. In the ERISA context, conflict preemption is implicated in § 514(a) of ERISA, 29 U.S.C. § 1144(a). *See Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138 (1990).  Conflict preemption does not completely preempt the field of state law so as to provide a basis for federal jurisdiction. *See Danca*, 185 F.3d at 4-5.  "Under ERISA, §502(a) provides the basis for complete preemption whereas § 514(a) provides the basis for conflict preemption." *Rice v. Panchal*, 65 F.3d 637, 639-40 (7th Cir.1995); *Taylor*, 481 U.S. at 64, 66. Therefore, an affirmative federal defense of ERISA § 514 is not relevant to the complete preemption analysis. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99 (1987). "Put another way, federal preemption that merely serves as a defense to a state law action (sometimes called 'conflict preemption') does not confer federal question jurisdiction." *Rice*, 65 F.3d at 639 (citing *Franchise Tax Bd.*, 463 U.S. at 9-12, 25-27)). In considering whether a state law claim is completely preempted by ERISA, and thus removable, courts should look only to ERISA § 502(a). *Id.*

ERISA § 502(a) provides for, *inter alia*, a cause of action by a plan participant or beneficiary  "to recover benefits due . . . under the terms of the plan, to enforce . . . rights under the terms of the plan, or to clarify . . . rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). "To establish complete preemption defendants must show that the state cause of action falls within the scope of ERISA § 502(a)," *Danca,* 185 F.3d at 5; 29 U.S.C. § 1132(a). In other words, for complete preemption to occur, the state law at issue "'must be properly characterized as an 'alternative enforcement mechanism' of ERISA § 502(a) or the terms of an ERISA plan." *Id.*  This means that "if an individual

at some point in time could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA." *Aetna Health Inc.,* 124 S.Ct. at 2496.

"ERISA sets out a comprehensive system for the federal regulation of private employee benefit plans, including both pension plans and welfare plans." *Dist. of Columbia v. Greater Washington Bd. of Trade*, 506 U.S. 125, 126 (1992). Employment welfare benefit plans which fall under the purview of ERISA include "any plan, fund, or program which was . . . established or maintained by an employer . . . for the purpose of providing its participants . . . benefits in the event of sickness, accident, disability, death or unemployment or vacation benefits." 29 U.S.C. § 1002(1). "In order for a plan to be an ERISA plan, it must also involve some ongoing administration by the employer." *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 16 (1987). The requirement of a one-time, lump sum payment triggered by a single event which requires no administrative scheme to meet the employer's obligation does not constitute an ERISA plan. *Id.* at 12. Turning to the case at hand, however, it is undisputed that the Warner-Lambert Company's Enhanced Severance Plan is an employer-sponsored severance pay plan which was adopted and maintained by Pfizer for the purpose of providing employees benefits in the event of certain unemployment events. Further, the Enhanced Severance Plan requires an ongoing scheme of administrative remedies and arbitration procedures to determine benefit eligibility. Thus, pursuant to ERISA § 3(1) the Enhance Severance Plan constitutes a qualifying ERISA employee benefit plan subject to the civil enforcement provisions of ERISA. 29 U.S.C. § 1002(1).

A reasonable reading of Plaintiff's somewhat amorphous complaint reveals an action for breach of contract, tort, and wrongful discharge without just cause brought under Puerto Rico Law 80 of May 30, 1976, 29 L.P.R.A. § 185a, ("Law 80") the summary proceedings established by Law No. 2 of October 17, 1961, 32 L.P.R.A. §§ 3118, *et seq.,* 32 L.P.R.A. § 3118; Law 80 of May 30, 1976, 29 L.P.R.A. § 185. As discussed above, Plaintiff's complaint may be deemed to state a federal claim warranting removal pursuant

to complete preemption under ERISA only if one or more of the claims is properly characterized as seeking to recover benefits due to him under the employer-sponsored severance plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. *See Lupo v. Human Affairs Int'l., Inc.*, 28 F.3d 269, 272 (2nd Cir.1994).

In the four squares of the complaint, under a theory of breach of contract, Plaintiff specifically seeks "[c]ompliance with the clauses and conditions of Warner Lambert, Inc.'s Enhanced Severance Plan" and "[b]enefits and compensations not received under the 'ESP' from the time of his termination until the filing of this complaint." (Dkt. No. 5 at p.6.). It is undeniable that through these breach of contract claims Plaintiff seeks "to recover benefits due . . . under the terms of the plan, to enforce . . . rights under the terms of the plan, or to clarify . . . rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Plaintiff's breach of contract claims seeking to recover benefits under the Enhanced Severance Plan "are  properly characterized as an 'alternative enforcement mechanism' of ERISA § 502(a)." As the facts are presented in the complaint, Plaintiff's contract claims are not simply connected to the employee benefit plan, rather the ERISA plan itself is the basis for Plaintiff's contract claims. The contract claims are not capable of resolution without interpretation of the ERISA plan.  Therefore, Plaintiff's breach of contract claims unequivocally fall within the scope of ERISA § 502(a). 29 U.S.C. § 1132(a)(1)(B).

Moreover, it is clear that Plaintiff "at some point in time could have brought his claims [for compliance and payment of benefits and compensation under the Enhanced Severance Plan] under ERISA  § 502(a)(1)(B). *Aetna Health Inc.,*124 S.Ct. at 2496. Whether an employee has standing to enforce a claim of entitlement to plan benefits under ERISA § 502(a)(1)(B) "'depends, not on whether he is actually entitle to benefits, but on whether he has a colorable claim that he will prevail in a suit for benefits.'"*Edes v. Verizon Communications, Inc.,* 417 F.3d 133, 137 (1st Cir.2005).  Therefore, Plaintiff's breach of contract claims to acquire benefits under the Enhanced Severance Plan are completely preempted under ERISA. *Danca,*185 F.3d at 5*; Taylor*, 481 U.S. at 64, 66 (holding that

plaintiff's state claim were completely preempted by ERISA, because they fell within the scope of §502(a)(1)(B)).

Turning to Plaintiff's tort and Law 80 claims, the Court concludes that these causes of action are not completely preempted by ERISA. Plaintiff's tort-based causes of action for "onerous conditions," "abusive attacks to his honor and reputation at work," charges of an "irregular act," and other alleged negligent acts by Pfizer's Human Resources Manager Ruth Rodríguez or other Pfizer management functionaries do not appear to relate to recovery of benefits under the Enhanced Severance Plan or to enforce or clarify past, present, or future rights under the Plan. As such, these state law tort claims do not fall within the scope of ERISA § 502(a), and thus, are not subject to complete preemption under ERISA. *Danca,*185 F.3d at 5 (holding that complete preemption under ERISA requires a showing that the state cause of action falls within the scope of ERISA § 502(a)).

In addition to seeking severance pay under his former employer's ERISA-covered Enhanced Severance Plan by means of a breach of contract theory, Plaintiff requests severance pay under Puerto Rico Law 80 of May 30, 1976, 29 L.P.R.A. § 185, *et seq*. "Law 80 provides relief to employees who are terminated from employment 'without good cause.'" *Hoyos v. Telecorp Communications, Inc.,* 405 F.Supp.2d 199, 208 (D.P.R. 2005) (quoting 29 L.P.R.A. § 185a). Under Law 80, indemnity severance pay is computed on the basis of a statutorily fixed quantum of salary for each year of service with the former employer. 29 L.P.R.A. § 185a(a)-(b).[7] The statutory scheme of Law 80 itself has been found to not be preempted by ERISA because recovery under the statute is limited to a one time lump sum award and  payment does not require the existence of any ongoing administrative scheme or practice. *See Garcia v. Williamson Dickie Mfg. Co.*, 924 F.Supp. 1 (D.P.R. 1996) (holding that a cause of action for termination of employment without just cause under Law 80 is not subject to preemption under ERISA and thus, cannot provide a

---

[7] Law 80 was recently amended by Law 128 of October 7, 2005. The amendments, effective upon enactment, were to sections 185a(a)-(b), 185(d), and 185k(b). The affect of the amendments to sections 185a(a)-(b) were to increase the computation basis of indemnity pay. *See* Puerto Rico Law No. 128 of October 7, 2005.

legitimate basis for federal question jurisdiction supporting removal). However, a claim pursuant to Law 80 is completely preempted by ERISA when a plaintiff attempts to use the statute as an alternative enforcement mechanism to remedy a claim that falls within the scope of ERISA § 502(a). *Rivera Sanfeliz v. Chase Manhattan Bank*, 349 F.Supp.2d 240, 244-46 (D.P.R.2004) (holding that a claim demanding severance pay benefits for unjust dismissal under Law 80 was subject to both conflict and complete preemption under ERISA because the former employee was attempting to use Law 80 to recover benefits allegedly due under an ERISA plan).

Thus, generally, a claim under Law 80 which seeks only statutorily prescribed indemnity severance damages set forth in sections 185a(a)-(b) of the statute is not completely preempted by ERISA, whereas a claim that uses Law 80 as a medium to recover benefits due under the terms of an ERISA qualifying employee benefit plan or to enforce or clarify rights under the terms of such a plan is completely preempted by ERISA. *See Williamson Dickie Mfg. Co.*, 924 F.Supp. at 2-4; *Rivera Sanfeliz,* 349 F.Supp.2d at 245-46. In the present case, Plaintiff's Law 80 claim for statutory severance damages is separable from his contract claims for enforcement of the Enhanced Severance Plan. A liberal reading of the inartfully drafted complaint evinces an intent to assert two separate alternate claims for severance damages: a claim for benefits under the Enhanced Severance Plan and an alternative claim for statutorily-provided damages under Law 80.[8] Plaintiff's Law 80 claims are therefore circumscribed to the recovery of statutory damages and do not relate to the Enhanced Severance Plan.  Hence, Plaintiff's Law 80 claim is not completely preempted.

Accordingly, neither Plaintiff's tort or Law 80 claims can provide an independent basis for subject matter jurisdiction. Nevertheless, the Court could assert supplemental jurisdiction over Plaintiff's tort and Law 80 claims because these claims form part of the

---

[8] *See* Dkt. No. 5, p.5 ¶ 11 , Translation of Complaint (averring that Plaintiff "is owed amounts for unearned fringe benefits through the month of September 2001, plus the months expiring since said date; *in the alternative*, plaintiff is owed an amount for severance pay for wrongful termination") (emphasis ours).

same nucleus of operative facts (concerning Plaintiff's termination of employment) as the contract claims over which this Court exercises federal question jurisdiction. 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."); *BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding*, 132 F.3d 824, 833 (1st Cir.1997).

In sum, since Plaintiff's breach of contract claims are completely preempted by ERISA, this case was properly removed to this Court. Accordingly, Plaintiff's motion to remand is denied.  As the Court has subject matter jurisdiction over the action, the Court turns to Defendant Pfizer's motion to dismiss.

## II.

## Motion to Dismiss

Defendant Pfizer moves to dismiss the complaint on the grounds that Plaintiff's allegations regarding the Enhanced Severance Plan benefits are preempted by ERISA and Plaintiff's Law 80 claims are time-barred. Plaintiff has not opposed said motion.

In ruling on a Rule 12(b)(6) motion to dismiss, a court must accept all well-pled factual averments as true and draw all reasonable inferences in the plaintiff's favor. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Carparts Distrib. Ctr., Inc. v. Automotive Wholesaler's Ass'n.*, 37 F.3d 12, 14 (1st Cir.1994). A court should not dismiss the complaint for failure to state a claim unless it is clear that the plaintiff will be unable to prove any set of facts which would entitle him or her to recovery. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Miranda v. Ponce Fed. Bank*, 948 F.2d 41, 44 (1st Cir.1991). However, this deferential standard is not a "toothless tiger." *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir.1996). The court is not obliged to accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996).

"ERISA's pre-emption provision assures that federal regulation of covered plans

will be exclusive. Section 514(a) provides that ERISA 'shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan' covered by ERISA." *Greater Washington Bd. of Trade*, 506 U.S. at 127 (quoting 29 U.S.C. § 1144(a)). ERISA preemption analysis under section 514(a) "involves two central questions: (1) whether the plan at issue is an 'employee benefit plan and (2) whether the cause of action 'relates to this employee benefit plan." *Hampers v. W.R. Grace & Co., Inc.*, 202 F.3d 44, 49 (1st Cir.2000) (quoting *McMahon v. Digital Equipment Corp.*, 162 F.3d 28, 36 (1st Cir.1998)). Because the Court has already determined that the Enhanced Severance Plan is an ERISA-regulated employee welfare benefit plan, our preemption analysis must center on whether Plaintiff's causes of action "relate to" the Plan.

     "A law 'relates to' an employee benefit plan, in the normal sense of the phrase if it has a connection with or reference to such a plan." *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 97 (1983).  However, "preemption will not occur where the state law has only a 'tenuous, remote, or peripheral' connection with covered plans." *Combined Management, Inc. v. Superintendent of the Bureau of Ins. of Maine*, 22 F.3d 1, 3 (1st Cir.1994) (quoting *Greater Washington Bd. of*, 506 U.S. 125, 130 n.1 (1992)). A state law contract claim "relates to" an ERISA plan within the meaning of ERISA's preemption clause when the state law claim is an alternative enforcement mechanism of ERISA. *Hampers v. W.R. Grace & Co., Inc.*, 202 F.3d 44, 53-54 (1st Cir.2000). "Preemption is broadly applied, and state laws which affect the interpretation or implementation of a plan are preempted even if not inconsistent with ERISA's substantive provisions or specifically designed to target employee benefit plans." *Framingham Union Hosp., Inc. v. Travelers Ins. Co.*, 721 F.Supp. 1478, 1489 (D.Mass. 1989) (citing *Mackey v. Lanier Collections Agency & Serv.*, 486 U.S. 825 (1988), *Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987); *Shaw*, 463 U.S. at 98)).

     The Court turns first to Plaintiff's contract claims that seek compliance with and disbursement of benefits under the Enhanced Severance Plan. Here, the Court need not tarry. It is well-established that breach of contract claims which fall within ERISA §

502(a) are generally preempted. *Taylor*, 481 U.S. 62-63; *Cogan v. Phoenix Life Ins. Co.*, 310 F.3d 238, 242 (1st Cir.2002); *Hampers*, 202 F.3d at 53-54; *Nadworny v. Shaw's Supermarkets, Inc.*, 405 F.Supp.2d 124, 139 (D.Mass. 2005) (holding that ERISA superseded plaintiff's breach of contract claim based upon a severance agreement insofar as the claim relates to an employee benefit plan."). "'[A] suit by a beneficiary to recover benefits from a covered plan . . . falls directly under § 502(a)(1)(B) of ERISA, which provides an *exclusive* federal cause of action for resolution of such disputes.'" *Cogan v. Phoenix Life Ins. Co.*, 310 F.3d 238, 242 (1st Cir.2002) (quoting *Taylor*, 481 U.S. at 62-63) (emphasis ours). As discussed above in Section I, Plaintiff's contract claims fall squarely within ERISA's civil enforcement provisions and act as an alternative enforcement mechanism of said provisions. Thus, Plaintiff's contract claims are preempted under ERISA § 514(a). Accordingly, Plaintiff's contract claims are ordered dismissed.

There being no other claims pending over which federal question jurisdiction may be independently asserted and this case being in the preliminary stages of litigation, the Court declines to exercise supplemental jurisdiction over the remaining removed state law claims. *See* 28 U.S.C. § 1367(c)(3) ("district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction."). Upon dismissal of all federal claims in a suit that reached the district court through removal on the basis of federal question jurisdiction, "[a] district court has discretion to dismiss the claim without prejudice or remand it to the state court." *Baylis v. Marriott Corp.*, 843 F.2d 658, 665 (2d Cir.1988)(citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988)). Consistent with the foregoing, Plaintiff's remaining claims will be remanded to the commonwealth court from which the claims originated.

## CONCLUSION

For the aforementioned reasons, the Court **denies** Plaintiff's motion to remand and **grants in part and denies in part** Defendant's motion to dismiss. Plaintiff's breach of contract claims seeking enforcement of the provisions of the Warner-Lambert Company Enhanced Severance Plan and associated damages are dismissed with prejudice.

Plaintiff's remaining state law claims, to wit: Law 80 and Article 1802, are remanded to the Commonwealth of Puerto Rico Court of First Instance Superior Court Aguadilla Superior Part.  *See* 28 U.S.C. § 1367(c)(3). Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 21, 2006.

S/ HECTOR M. LAFFITTE
United States District Judge